NOT DESIGNATED FOR PUBLICATION

No. 128,806

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIELLE GRACE CANNEFAX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed December 12, 2025. Affirmed.

*Erik E. Hageman*, of Caffey, Johnson & Ingels, P.A., of Manhattan, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM: Danielle Grace Cannefax pled guilty to two misdemeanor crimes. Her underlying six-month jail sentence was suspended, and she was placed on probation. About 11 months later, Cannefax was arrested for several new felonies, and the State sought to revoke her probation. At her probation revocation hearing, Cannefax stipulated that she violated her probation by failing "to remain crime free." At the same hearing, Cannefax pled no contest to two new felonies that occurred while she was on probation.

1

The district court revoked Cannefax's probation and ordered her to serve her underlying sentence. Cannefax appeals, arguing the district court abused its discretion by ordering her to serve her sentence rather than placing her back on probation. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Danielle Grace Cannefax pled guilty on June 7, 2023, to violation of a protective order, a class A person misdemeanor, and criminal damage to property, a class B non-person misdemeanor, in Dickinson County Case No. 23CR1. As part of her plea agreement, Cannefax also pled guilty to attempted arson in a second case.

Cannefax was sentenced on August 23, 2023, in both cases. She was sentenced to a jail sentence of 6 months in 23CR1, but the district court suspended her sentence and placed her on probation for 12 months. Cannefax's sentence in 23CR1 was ordered to run concurrently with her sentence in her second case, which was also suspended so that Cannefax could complete probation.

About 11 months later, on July 8, 2024, Cannefax was arrested for the crime of criminal trespass. She was also arrested on July 16, 2024, for the crimes of aggravated arson and aggravated battery. In response, the State filed a Motion to Revoke Probation in both 23CR1 and her second case.

At her probation revocation hearing on October 23, 2024, Cannefax stipulated that she violated her probation in both cases by failing to remain "crime-free." During the same hearing, she pled no contest to new charges of arson and aggravated battery in a third case related to her July 16, 2024 arrest. These crimes occurred while Cannefax was on probation in 23CR1 and her second case. The district court continued disposition to January 8, 2025, to coincide with Cannefax's sentencing in the third case.

2

On January 8, 2025, the district court conducted disposition in 23CR1 and ordered Cannefax to serve her six-month jail sentence. The district court ordered that Cannefax serve her misdemeanor jail sentence in 23CR1 concurrently with her two felony sentences, noting that Cannefax was also being ordered to serve her prison sentences in those cases. Cannefax appeals, claiming the district court erred when it failed to place her back on probation during her disposition hearing on January 8, 2025.

ANALYSIS

DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REVOKING CANNEFAX'S PROBATION?

*Standard of Review*

"Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). "This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." *Tafolla*, 315 Kan. at 328; *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

*Discussion*

Cannefax admitted to violating the terms of her probation by failing to remain crime-free. She pled no contest to two felonies—arson and aggravated battery—and those crimes were committed while Cannefax was on probation in 23CR1. But Cannefax argues the degree of harm the victims suffered in those two new felony cases was minimal. She also argues that the district court should have given her an additional opportunity on probation to avoid adding to the prison population, and so that she could prove to her family that she could be successful on probation. The State argued that Cannefax was a danger to the community.

Cannefax's underlying convictions in this case were misdemeanors. As such, the district court had discretion to impose various sanctions, including revoking probation and imposing the underlying jail sentence. K.S.A. 22-3716(b)(3)(B)(i)-(iii). The district court's decision to revoke Cannefax's probation is reviewed for an abuse of discretion. *Tafolla*, 315 Kan. at 328. Cannefax does not argue that the district court made any error of fact or law in revoking her probation; rather, she simply argues the district court's decision was unreasonable. See *Younger*, 320 Kan. at 137-38. "Under this standard, an appellate court will not disturb a discretionary decision unless no reasonable person would have taken the view adopted by the district court." *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010).

Because Cannefax stipulated that she committed two new felonies while on probation in this case, a reasonable person could agree with the district court's decision to revoke Cannefax's probation and order her to serve her sentence. The district court did not abuse its discretion.

Affirmed.